**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WALTER J. SIMS**                                                                 **PETITIONER**
**ADC #134577**

**VS.**                              **CASE NO.: 5:12CV00043 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.        <u>**Procedure for Filing Objections**</u>

This Recommended Disposition ("Recommendation") has been sent to Chief

United States District Judge J. Leon Holmes.  Any party may file written objections to

this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Background

Respondent Ray Hobbs filed a motion to dismiss Walter J. Sims Jr.'s petition, along with a supporting brief.  (Docket entries #8 and #9)  In response to the motion, the Court identified three claims raised by Mr. Sims in his habeas petition[1] and notified the parties of its intention to convert the motion to dismiss to one for summary judgment, under Rule56, on statute of limitations grounds.  (#10)  The Court identified the material facts not in dispute and gave a reasonable time for the parties to respond.  The parties have responded (#14, 15), and, for the reasons set forth below, Mr. Sims's petition should be dismissed with prejudice.

## III.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), a court should grant summary judgment if there are no genuine disputes as to any material fact, and a party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Irving v. Dormire*, 586 F.3d 645 (8th

---

[1]Mr. Sims raised the following claims in his petition:  (1) insufficient evidence to support his conviction; (2) the trial court erred in its application of Arkansas Rule of Evidence 404(b); and (3) ineffective assistance of counsel.

Cir. 2009).  Under Rule 56(f) a court may, after giving notice and a reasonable time to respond, consider summary judgment on its own.

## IV.   The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Mr. Sims was convicted by a Jefferson County jury of first-degree murder and was sentenced to 600 months' incarceration in the Arkansas Department of Correction.  The Arkansas Court of Appeals affirmed.  See *Strain v. State*, 2009 WL 398117 (Ark. App. Feb. 18, 2009).  The court issued its mandate on March 10, 2009.[2]  Mr. Sims did not seek review from the Arkansas Supreme Court.  *Sims v. State*, 2011 Ark. 135, *1, 2011 WL 1176144 (March 31, 2011).

---

[2] Mr. Sims filed a motion for rehearing with the Court of Appeals, which was denied on April 1, 2009.  Due to a clerical error, a second mandate was issued on May 14, 2009.  *Sims v. State*, 2011 Ark. 135, *1, 2011 WL 1176144 (March 31, 2011).  Therefore, the Court will treat the first mandate as controlling for purposes of determining when the statute of limitations began to run under the AEDPA.  The Court notes, however, that even if the limitations period had begun to run from the time the second mandate issued, Mr. Sims petition would still be untimely.

Accordingly, Mr. Sims's conviction became final when the Arkansas Court of Appeals issued its mandate on March 10, 2009, and the statute of limitations expired on March 11, 2010.  See *Parmley v. Norris,* 586 F.3d 1066, 1073 (8th Cir. 2009) (Arkansas Court of Appeals is not the state court of last resort so appeal to the United States Supreme Court was not possible and statute of limitations began to run from the date the Court of Appeals issued its mandate).  Mr. Sims did not file this habeas petition until January 30, 2012, more than twenty-two months after the statute of limitations expired. Accordingly, Mr. Sims's claims are barred unless the statute of limitations can be tolled.

A.     *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."   A state post-conviction application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including the form of the document, the time limits for its delivery, the court and office in which it must be lodged, and the requisite filing fee.  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).

If a state court finds that a motion fails to comply with filing requirements, that motion is not "properly filed," regardless of whether those filing requirements are firmly established and regularly followed.  *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010)

4

(holding statute of limitations period was not tolled where Arkansas Supreme Court had specifically held that the petitioner's Rule 37 petition was not properly verified).

Mr. Sims filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, but that petition was not verified as required by Rule 37.1(c). The Arkansas Supreme Court held, therefore, that the petition was properly dismissed without prejudice by the trial court. *Sims*, 2011 Ark. 135 at *1.

On June 5, 2009, Mr. Sims filed a properly verified Rule 37.1 petition. Following a hearing on the petition, the trial court determined that Mr. Sims's second brief had not been filed within the time limits set out in the Arkansas Rules of Criminal Procedure and dismissed the petition.

Mr. Sims appealed from that dismissal. The Arkansas Supreme Court dismissed the appeal, ruling that Mr. Sims's properly verified petition was filed after the time provided in Arkansas Rule of Criminal Procedure 37, so the trial court and the Arkansas Supreme Court lacked jurisdiction to hear the petition. See ARK. R. CRIM. P. 37.2(c) (requiring that a verified petition for relief from a judgment be filed within ninety days of the date of entry of the judgment and commitment order).

Thus, Mr. Sims's Rule 37 petitions were not properly filed, and he is not entitled to statutory tolling during the time these petitions were pending in the state court. See *Nelson*, 618 F.3d at 892 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

B.      *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable

tolling in appropriate cases.  *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560

(2010).  However, a petitioner is entitled to equitable tolling only if he shows that he has

pursued his rights diligently and that some extraordinary circumstance stood in his way,

thus preventing a timely filing.  *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408,

418 (2005)).

Mr. Sims did not file his federal habeas petition until nearly two years after the

Arkansas Court of Appeals issued its mandate.  In *Pace*, the United States Supreme Court

found that a petitioner was not diligent when he waited five months after the judgment of

conviction became final to file his petition.  *Pace*, 544 U.S. at 419.

In *Nelson*, the Eighth Circuit held that a delay of nine months in filing a habeas

petition after the Arkansas Supreme Court had denied rehearing was not diligent.  *Nelson*,

618 F.3d at 893.  Mr. Sims has not been diligent in pursuing his rights.  Further, Mr. Sims

has made no showing that some extraordinary circumstances stood in his way and

prevented him from making a timely filing.  *Id*.  Accordingly, Mr. Sims is not entitled to

equitable tolling.

## V.      <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court.  A certificate of appealability may issue only if Mr. Sims

has made a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253 (c)(1)-(2).  In this case, Mr. Sims has not provided any basis for issuance of a

certificate of appealability.  Accordingly, a certificate of appealability should be denied.

## VI.   <u>Conclusion</u>

Mr. Sims's claims for habeas relief are barred by the one-year limitations period

established by 28 U.S.C. § 2244(d).  Accordingly, Respondent Ray Hobbs is entitled to

summary judgment, and Walter J. Sims, Jr.'s petition for writ of habeas corpus (#2)

should be DISMISSED with prejudice.

DATED this 20th day of June, 2012.

_____

UNITED STATES MAGISTRATE JUDGE